IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

FILED
Kansas City, KS
JAN 1 2 2011
Clerk
U.S. Bankruptcy Court

| | |
|---|---|
| In re: ) | |
| ) | |
| BROOKE CORPORATION, et al. ) | Case No. 08-22786-DLS |
| ) | (Jointly Administered) |
| ) | Chapter 7 |
| ) | |
| Debtors ) | |

| | |
|---|---|
| Albert A. Riederer, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs ) | |
| ) | |
| AA Insurance Center, Inc., et al. ) | Adv. No.: 10-06204 |
| ) | |
| Defendants ) | |

### ANSWER OF MISSOURI RURAL SERVICES CORPORATION TO THE COMPLAINT

COMES NOW Defendant Missouri Rural Services Corporation ("MRSC"), by counsel, and for its separate Answer to the paragraphs of the Complaint, states (and alleges) as follows:

#### Introduction

1.and 2. The allegations of pars. 1. and 2. call for no response from MRSC.

#### Parties

3. MRSC admits the allegations of par. 3.

4. MRSC states that it is a corporation organized and existing under Missouri law. MRSC is without knowledge or information sufficient to form a belief as to the truth of the allegations of par. 4 relating to the other Defendants.

### Jurisdiction and Venue

5-7. MRSC admits the allegations of pars. 5-7.

### Facts Common to All Counts

8. MRSC is without knowledge or information sufficient to form a belief as to the truth of the allegations of par. 8.

9-13. MRSC admits the allegations of pars. 9-13 (on information and belief).

14-42. MRSC is without knowledge or information sufficient to form a belief as to the truth of the allegations of pars. 14-42. However, MRSC states affirmatively that during times referenced in the Complaint when it is alleged that Brooke was insolvent, MRSC neither knew nor had reason to know that, if so, Brooke was insolvent.

43-53. As for the allegations of pars. 43-53, MRSC admits that in the years 2007 and 2008 it did place insurance coverage from Brooke and its related entities, such as franchised agencies, for which MRSC was entitled to receive, in MRSC`s capacity as an insurance brokerage, from Brooke and its related entities, premium and commission payments; however, MRSC is without knowledge or information sufficient to form a belief otherwise as to the truth of the remaining allegations of such pars. 43-53.

54-64. MRSC has no knowledge or information sufficient to form a belief as to the truth of the allegations of pars. 54-64. However, MRSC specifically states that it has no such knowledge or information relating to any commingling of funds alleged in those pars. or to the extent, if any, any such commingled funds or funds which were the funds of Brooke itself were transferred to MRSC or any other Defendant. Further answering, MRSC denies that at any relevant time it had any knowledge or reason to know that it was receiving transfers from Brooke that consisted of any funds that were not premium or commission payments validly coming to MRSC, as an insurance brokerage, for insurance coverage it placed.

65. In response to the first sentence of par. 65, MRSC admits that it received payments of premium and commissions from Brooke to which MRSC was entitled to receive as a broker in respect of insurance coverages. (As to the accuracy of the portion of Exhibit 1 to the Complaint applicable to it, MSRC admits that it is substantially accurate as to amounts of funds so transferred to it, but MRSC denies any allegations or statements contained in that portion of Exhibit 1 applicable to it inconsistent with or expansive of the foregoing admission.) MRSC has no knowledge or information sufficient to form a belief as to the truth of the remaining allegations of such first sentence or of the allegations of the second sentence of par. 65.

66-85. MRSC has no knowledge or information sufficient to form a belief as to the truth of the allegations of pars. 66-85. MRSC, however, states that if some or all of

such allegations are true, at no times relevant to the claims in the Complaint against it, did MRSC have knowledge of, or reason to know, such facts.

## Count I

86. MRSC incorporates by this reference its answers and other responses made above to the foregoing pars.

87. MRSC has no knowledge or information sufficient to form a belief as to the truth of the allegations of par. 87.

88-89. As for those allegations, MRSC admits only that it received from Brooke premium and commission payments to which, as an insurance brokerage, it was entitled to receive, and it has no knowledge or information sufficient to form a belief as to the truth of the remaining allegations of such pars.

90. MRSC has no knowledge or information sufficient to form a belief as to the truth of the allegations of par. 90.

91. MRSC denies each and every allegation of par. 91 (any such allegations as relate to the advance to, or transfer of funds to, it).

92. MRSC has no knowledge or information sufficient to form a belief as to the truth of the allegations of par. 92.

93. MRSC denies each and every allegation of par. 93 (any such allegations as to transfers to it).

## Count II

94. MRSC incorporates by this reference its answers and other responses made above to the foregoing pars.

95. MRSC has no knowledge or information sufficient to form a belief as to the truth of the allegations of par. 95.

96. Based on its checking to date (and subject to further verification), MSRC believes that it did receive transfers within the 90-day period of $31,834.25 on or about 8/25/2008.

97-100. MRSC has no knowledge or information sufficient to form a belief as to the truth of the allegations of pars. 97-100.

101. MRSC denies each and every allegation of par. 101.

## Count III

102. MRSC incorporates by this reference its answers and other responses made above to the foregoing pars.

103-104. MRSC denies each and every allegation of pars. 103-104.

## Count IV

105. MRSC incorporates by this reference its answers and other responses made above to the foregoing pars.

106-109. MRSC denies each and every allegation of pars. 106-109.

## First Defense

The allegations of the Complaint, to include all Counts thereof, fail to state a claim against MRSC upon which relief can be granted.

## Second Defense

With respect to any transfers to MSRC alleged to be constructive fraudulent conveyances (or transfers) by Count I of the Complaint, pursuant to 11 U.S.C. sec. 548(c), MRSC took such transfers for value and in good faith. Further, such value given in respect of each such transfer was full value (in that each such transfer was not more than full payment for premium and commissions owed to MSRC, as a broker for insurers, for insurance coverage placed for Brooke and its agencies and franchisees).

## Third Defense

If any transfers to MRSC consisted in whole or in part of funds belonging to Brooke itself (as opposed to funds of Brooke's agencies or franchisees or of the insureds which had placed coverage through such agencies or franchisees), Brooke, in turn, received value for such of its funds so transferred by one or more of the following means: 1. Brooke was later reimbursed by its agencies or franchisees (or the insureds) for the Brooke funds so advanced; 2. Brooke booked a receivable or receivables on its books for the funds so advanced and had (and has) a valid claim against the party or parties on behalf of whom such funds were advanced; and/or 3. Brooke otherwise received value to itself in that it perceived that its overall business was benefited by such transfers of its own property and its such business was in fact so benefited.

## Fourth Defense

Following the filing of the Bankruptcy Petitions, Brooke and/or its agencies or franchisees owed as and for premium and commissions for insurance coverage placed by MRSC to MRSC, as such placing broker, the sum of approximately $4000 (the exact amount to be later determined). No claim has been filed in the Brooke Bankruptcies for such sum owed. To the extent Brooke can recover anything by the claims in the Petition, MRSC is entitled to an offset for the above amount, as shall be proven, owed to it.

WHEREFORE, Defendant MSRC requests that the Complaint and all Counts thereof be dismissed against it, that it have judgment in its favor and against Plaintiff and that it recover its costs and expenses incurred herein.

Respectfully submitted,

_____
James E. Kelley, Jr. #14197
The Cowell Law Firm, LLC
6800 College Blvd., Suite 270
Overland Park, KS 66211
(913) 469-8777; Fax: (913) 469-8771
jkelley@cowell-law.com

CERTIFICATE OF SERVICE

I hereby certify that this 10th day of Janurary, 2011, I caused to be served by Regular Mail, postage prepaid the above and foregoing Answer, addressed to:

John J. Cruciani
Michael D. Fielding
HUSCH BLACKWELL LLP
4801 Main Street
Kansas City, MO 64112

_____
James E. Kelley, Jr.